[Civ. No. 6899.   Third Dist.   Oct. 29, 1943.]

VELMA NICKEL, Respondent, v. JOHN J. LOOSER et al., Appellants.

T. L. Chamberlain and Gerald Beatty Wallace for Appellants.

James Snell and Thomas O. McCraney for Respondent.

PEEK, J.—This is an appeal by the defendants from a judgment and decree enjoining them from claiming or asserting any rights under a certain promissory note and deed of trust and cancelling the same. The judgment also quieted plaintiff's title to the real property.

Pursuant to an oral agreement with plaintiff, Alfred H. Burton built a house on a certain lot owned by him in the city of Grass Valley, and thereafter, by an agreement of sale dated April 4, 1934, he sold the same to plaintiff for the sum of $1,975; $500 to be paid by plaintiff upon the execution of the agreement, and the balance in monthly payments until the purchase price was paid in full. Shortly after the execution of this agreement Burton requested further sums of money, and arrangements were made between the parties and the local branch of the Bank of America to finance the balance of the purchase price. A part of said financing was one note and trust deed dated June 11, 1934, in the sum of $432. It is this note and trust deed which are involved herein and which plaintiff alleges were given in consideration of the execution by Burton of the following guarantee:

"To Whom It May Concern:

This is to certify that I, Alfred H. Burton, who constructed the stucco cottage for Velma Brock, at 134 Empire Street, Grass Valley, do herewith agree that should any defects arise through faulty workmanship or construction, for a term of

one year from this date, that I will repair same free from any cost to Mrs. Velma Brock.

In Witness Whereof, I have hereunto set my hand and seal this twelfth day of May, 1934.

A. H. Burton

John Looser, (Witness)."

Plaintiff alleges that within one year of the date of said guarantee she discovered defects in the house; that she so informed Burton, and was assured by him that the necessary repairs would be made, but that nothing was done; and that by virtue of such failure on his part to repair such defects she has been damaged in the sum of $600.

On January 4, 1935, Burton was adjudged insane, and on April 10, 1935, defendant Johanna Burton was appointed, and ever since has been, his guardian. Plaintiff further alleges she was under the belief that because of Burton's insanity it would be but an idle act to give him further notice of the continuing defects; that during the month of December, 1937, she first learned of Johanna Burton's appointment as guardian; that she thereupon demanded of the guardian that the house be repaired in accordance with said guarantee, and upon the refusal of the guardian to comply with the terms thereof, she stopped the monthly payments on the note and trust deed.

On December 3, 1939, defendants instituted proceedings for the sale of the property under said deed of trust, and plaintiff immediately instituted the present action as an affirmative defense to defendants' proposed sale, and to quiet title to the property. It is from the judgment entered after a hearing on said complaint that defendants now appeal.

The various transactions mentioned were shown by the introduction of both oral and documentary evidence on the part of plaintiff. The testimony of Johanna Burton, the sole witness for defendants, was limited to an identification of the note and the fact that the last interest payment was made on December 9, 1937. No other witness was called nor was other evidence introduced on behalf of defendants.

Defendants contend that the plaintiff's evidence is insufficient to support the judgment; that the same is against law in that the action is barred by the statute of limitations and by laches on the part of plaintiff; and that this is particularly

true by reason of the insanity of Burton and the death on September 1, 1938, of Mr. Rector, the manager of the bank where the transactions were consummated, in that both Burton and Rector were material and indispensable witnesses for defendants. Defendants also allege in their answer, and likewise argue herein, that plaintiff by her failure to bring an action, and by continuing to make payments until December, 1937, thereby acquiesced in whatever defects there may have been in the construction of the house, and if any fraud was practiced by Burton her actions likewise amounted to a waiver of whatever defense, if any, she had in this regard.

It is plaintiff's answer to such contentions that the failure of Burton to build the house in workmanlike manner resulted in a failure of consideration for the note; that such nonperformance on his part may be alleged by her by way of affirmative answer, and is a valid defense to an enforcement of the obligation of the note and deed of trust; that under such circumstances the statute of limitations and the doctrine of laches have no application; and that her acts in continuing to make payments on the note did not amount to a waiver of her rights under either the guarantee or the general obligation of Burton to build the house in a workmanlike manner.

■ Defendants' first contention must fail as it was not necessary for plaintiff to take affirmative action. Upon Burton's failure to perform under the agreement she could have instituted an original proceeding for rescission and cancellation of the note and deed of trust or she could have accepted the house as it was and brought action for the damages sustained by reason of the faulty construction, or lastly, she might, as she has done herein, await the time when enforcement of the note and trust deed was sought, and excuse herself from the performance thereof by virtue of the failure of performance on the part of Burton. (*Williams* v. *Stillwell*, 217 Cal. 487 [19 P.2d 773].) So long as defendants are permitted to seek enforcement of the obligation, the plaintiff may allege and prove the failure of performance by defendants as a defense. (*J. B. Colt Co.* v. *Freitas*, 76 Cal.App. 278 [244 P. 916]; *Stiles* v. *Bodkin*, 43 Cal.App.2d 839 [111 P.2d 675].)

■ ▪ Defendants, however, insist that had plaintiff filed her action while Burton and Mr. Rector were still able to testify, evidence on the part of defendants might well have been much

stronger, and that their absence as witnesses was prejudicial to defendants. In this regard it should be noted the evidence discloses that Burton was adjudged insane less than one month after plaintiff's last talk with him, when he reiterated his promise to repair the house, and that Rector died nearly a year prior to the notice of the intention to sell the property under the trust deed. The testimony further discloses that both Mrs. Burton and Mr. Looser participated in all conversations with Burton and Mr. Rector relative to the financing of the house, yet no questions were asked of either of them regarding such discussions. No showing is made by defendants as regards the reason for their failure to testify. The record is also silent of any showing wherein the testimony of either Burton or Rector would have been material to their case. All that is presented to this court is merely the statement contained in their brief that such persons were indispensable witnesses.

Defendants' sole objection to the proceedings or the introduction of any evidence essential to plaintiff's case was, by way of a motion for judgment on the pleadings at the outset of the hearing, on the ground that plaintiff's cause was barred by the statute of limitations. The motion was denied by the court, and thereafter during the course of the hearing, all material elements of plaintiff's case, both oral and documentary, were admitted in evidence without objection by defendants.

Upon such a record defendants cannot justify their contentions that the plaintiff was guilty of laches or that they have been prejudiced thereby by virtue of their inability to have Burton and Rector appear as witnesses in their behalf. Even assuming that plaintiff was not timely by her failure to institute an original proceeding, defendants would have been in no better position as regards the availability of witnesses after January 4, 1935, when Burton was adjudged insane, or September 1, 1938, when Rector died.

Defendants rely on the case of *Wolpert* v. *Gripton*, 213 Cal. 474 [2 P.2d 767], wherein the court refused to invalidate certain chattel mortgages because of the showing that the mortgagor, with knowledge of the facts, delayed action for more than two years. However, such case is of no benefit to defendants, as the Supreme Court, in applying the doctrine of laches, merely affirmed the decision of the trial court, and in that respect said: "There is no hard-and-fast rule;

either as to the lapse of time or the circumstances which will justify the application of the doctrine of laches. In addition to mere lapse of time, there must exist some circumstances from which the defendant may be prejudiced, or there must be such a lapse of time that it may be reasonably supposed that such prejudice will occur if the remedy is allowed. (*Cahill* v. *Superior Court*, 145 Cal. 42, 47 [78 P. 467].) Laches is a question of fact, on the evidence, and must be determined by a consideration of all the circumstances of each particular case. (*Kleinclaus* v. *Dutard*, 147 Cal. 245 [81 P. 516].)''

Defendants also rely upon the case of *Williams* v. *Stillwell, supra*, as authority for the well established axiom that equity abhors stale claims, but defendants fail to note that the decision quieted plaintiff's title, refusing to apply the doctrine of laches, and stated: ''It was only when defendants attempted to interfere with plaintiff's possession of said real property, which he had enjoyed uninterruptedly for forty years, that the latter found it necessary to take legal steps to protect his rights.'' The evidence in that case discloses further that the plaintiff took no steps to establish the ownership of the lands until after the death of his mother and two other persons, the three being the only persons beside himself who knew of the true facts of the transaction between him and his mother regarding the gift of the land.

The question herein presented is to be determined primarily by the trial court, and this court will not interfere with its discretion in this respect unless manifest injustice has been done or unless its conclusion cannot be reasonably held to find support in the evidence. (*Wolpert* v. *Gripton, supra.*)

It would be an unconscionable antinomy of the law if on the one hand equity would relieve plaintiff from the bar of the statute of limitations and then preclude her recovery on the doctrine of laches, which doctrine is customarily applied when the period of delay is less than the statutory time.

The significant dates herein are not in dispute, and since more than four years have elapsed it becomes immaterial whether the section of the Code of Civil Procedure providing for two, three, or four years within which such actions must be commenced, governs.

Therefore, the various elements herein presented resolve themselves into but one consideration, that is whether or

not equity will permit the plaintiff to assert her rights despite the bar of the statute of limitations. Defendants' contention in this regard, as has already been stated herein, is without merit.

It could be said that the situation in which plaintiff finds herself is analogous to the rule applied in the case of an outlawed mortgage debt where equity will refuse to quiet title in favor of the mortgagor unless he discharges the debt against which the statute has run. (Civ. Code, sec. 2911; *Puckhaber* v. *Henry*, 152 Cal. 419 [93 P. 114, 125 Am.St.Rep. 75, 14 Ann.Cas. 844].)

Under the cases cited and the facts herein presented, this court has no hesitancy in holding first, in accordance with the case of *Wolpert* v. *Gripton, supra*, that the questions of laches is one of fact to be determined by the trial court; secondly, that the statute of limitations cannot be invoked by defendants to bar the defense of the invalidity or nonperformance of the agreement as alleged and proved by plaintiff, and lastly, there was no waiver by plaintiff of her rights under the guarantee agreement.

The judgment is affirmed.

Thompson, J., and Adams, P. J., concurred.

A petition for a rehearing was denied November 27, 1943, and appellants' petition for a hearing by the Supreme Court was denied December 27, 1943.