**READY–MIX CONCRETE COMPANY, Ltd., a Corporation,**

v.

**The UNITED STATES.**

No. 49279.

United States Court of Claims.

April 5, 1955.

O. R. McGuire, Jr., Washington, D. C., for plaintiff. Hogan & Hartson, Washington, D. C., were on the brief.

John R. Franklin, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff's petition asserts that it had a contract with the Government, made on or about June 23, 1944, to prepare and furnish to a Navy installation in Hawaii some 65,000 tons of crushed stone and gravel; that in January 1945 the contract was amended to include 69,000 more tons of the same material; that the Government accepted and paid for some 44,000 tons, but, on or about March 15, 1945, notified the plaintiff that it would not order or accept or pay for any more crushed stone and gravel; that thereafter the Government did accept and pay for some 12,000 more tons, but refused to accept and pay for the remaining 76,000 tons covered by the contract. It is not necessary, for present purposes, to recite further the allegations of the petition. The plaintiff asks for damages in the amount of $76,748.70.

The Government has filed a counterclaim in which it asserts that between June 11, 1941 and January 1, 1945, it had seventeen contracts with the plaintiff, nine for the furnishing of stone products to the Army and eight to the Navy; that each contract contained an agreement to comply with the Walsh-Healey Public Contracts Act, 49 Stat. 2036, 41 U.S.C.A. §§ 35–45; that the Acting Secretary of Labor issued a complaint charging the plaintiff with violating the Walsh-Healey Act in failing to pay the overtime wages required by that Act; that in proceedings pursuant to that complaint it was determined, on September 9, 1953, by the Administrator for the Wage and Hour and Public Contracts Division, United States Department of Labor, that the plaintiff was indebted to the United States by reason of its failure to pay overtime wages, in the amount of $19,908.58. The Government, in its counterclaim, asks for a judgment against the plaintiff for that amount.

The plaintiff has asked for a summary judgment dismissing the Government's counterclaim. It says that the counterclaim is barred by the Portal to Portal Act of 1947, 61 Stat. 87, 29 U.S.C.A. § 255. Section 6 of that Act provides:

"Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—

"(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and

every such action shall be forever barred unless commenced within two years after the cause of action accrued;

"(b) if the cause of action accrued prior to May 14, 1947—may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations."

The Walsh-Healey Act provides that "Any sums of money due to the United States of America by reason of any violation of any of the representations and stipulations" in the contracts named in that Act "may be withheld from any amounts due on any such contracts" or "may be recovered in suits brought in the name of the United States of America by the Attorney General thereof."

The Government suggests that possibly the limitations prescribed by the Portal to Portal Act do not apply to suits based upon the Walsh-Healey Act. That question has been authoritatively decided in Unexcelled Chemical Corp. v. United States, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821. The Court there regarded the language of the Portal to Portal Act as too plain to permit of an interpretation such as the Government urged in that case and suggests in this. The Court held that the Government's cause of action arose at the time of the violation of the Walsh-Healey Act, and not at the time the Department of Labor initiated or concluded proceedings pursuant to the Act.

If, in the instant situation, the Attorney General had, instead of filing the counterclaim in this court in 1954, filed a suit against the plaintiff in a United States District Court at that time, his suit would have been filed many years too late. The plaintiff says that the limitations in the Portal to Portal Act bar the Attorney General from filing a counterclaim in this court just as effectively as they bar him from filing an independent suit in a District Court.

We think the plaintiff is right. The purpose of Congress in imposing the drastic limitations which it did impose in the Portal to Portal Act would be frustrated by exposing a contractor with the Government, apparently perpetually, to the risk of having a Walsh-Healey claim asserted against him if he ventured to assert any sort of claim against the Government, on any account, in this court.

The Government says that by its counterclaim it is not really asking for an affirmative judgment against the plaintiff, but is only asking that the amount of its counterclaim be allowed in reduction of the amount, if any, to which we may find that the plaintiff is entitled in its suit. This reshaping of a counterclaim, to give it the characteristics of a shield rather than those of a sword, seems not to be authorized by the statutes. Section 1503 of the Judicial Code, says:

"The Court of Claims shall have jurisdiction to render judgment upon any set-off or demand by the United States against any plaintiff in such court." 28 U.S.C.A. § 1503.

Congress apparently did not contemplate, in this section, a claim by the United States which might have enough validity to justify its use defensively, but not enough validity to justify its use as the basis for a judgment against a plaintiff.

The Walsh-Healey Act in its Section 36, 41 U.S.C.A. § 36, says, in part:

"Any sums of money due to the United States of America by reason of any violation of any of the repre-

sentations and stipulations of *said contract* set forth in section 35 of this title may be withheld from any amounts due on *any such contracts* or may be recovered in suits brought in the name of the United States of America by the Attorney General thereof." (Italics added.)

We have concluded above that a suit by the Attorney General would be barred by the limitations of the Portal to Portal Act, as would also a counterclaim based upon Section 1503 of the Judicial Code. But the problem of the applicability of the right to withhold, given to the Government by Section 36 of the Walsh-Healey Act, quoted above, remains.

If the withholding right were applicable only to money due under the same contract in the performance of which the violation of the Walsh-Healey Act had occurred, we would have merely an instance of common-law recoupment, the stating of an account of how much each of the contracting parties owes the other on the contract, and the payment of the difference. Applied to the instant case that would mean that the Government could withhold, or use defensively in this suit, only what was due it for the violation of the Walsh-Healey Act in the performance of the one contract on which the plaintiff is suing. Violations which occurred in the performance of the other sixteen contracts, which violations the Government has included in its counterclaim, could not be the basis for withholding under Section 36.

■ In our quotation of a part of Section 36 we have italicized some words. In the part quoted, and in the prior part of the section which we have not quoted, the word "contract" is in the singular until we come to the provision for withholding. Then it says that the amount due for violation may be withheld "from any amounts due on *any such contracts*". The sudden shift from the singular to the plural may, of course, have been accidental. But we think it much more probable that it was deliberate, and was meant to make the withholding right that much more effective. That was the cli-mate in which the Walsh-Healey Act was considered and enacted. We conclude, then, that Section 36 gave the Government the right to withhold money owing under the contract here in suit, for violations of the Walsh-Healey Act in the performance by the plaintiff of all of its contracts, if they were subject to the Walsh-Healey Act, that is, if they were "any such contracts".

■ As we interpret it, the withholding provision of Section 36 becomes a statutory extension of the common-law doctrine of recoupment, extending the withholding right beyond the particular contract to other contracts of the same species. This interpretation requires us to consider again the possible applicability of the limitations of the Portal to Portal Act to the withholding right as thus interpreted. The Portal to Portal Act, as we have seen, applies to

"Any action * * * to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages,"

under the named statutes. We conclude, somewhat doubtfully, that, just as the limitation would not have applied to a common-law withholding or recoupment of a claim arising out of the same contract, so it does not apply to the statutory withholding or recoupment authorized by Section 36. Such a withholding, used only as a shield, is not an "action * * * to enforce [a] cause of action" within the language of the Portal to Portal Act. We think that Congress probably did not intend, by that Act, to discard the policy expressed in the Walsh-Healey Act.

We will treat the defendant's "counterclaim" as a defensive pleading, asserting merely the right to withhold the amount claimed from any amount to which the plaintiff may be found to be entitled for the breach of its contract.

The plaintiff's motion will be denied.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.