**UNEXCELLED CHEMICAL CORPORATION, a Corporation,**

v.

**The UNITED STATES.**

No. 374–55.

United States Court of Claims.
March 6, 1957.

**384**

George Morris Fay, Washington, D. C., for plaintiff.

John R. Franklin, Washington, D. C., with whom was Asst. Atty. Gen. George Cochran Doub, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiff sues to recover $15,352.-66 which, it says, the Government owes it on four contracts. The Government, in its answer, says that it has withheld this amount under the provisions of the Walsh-Healey Public Contracts Act, 49 Stat. 2036, as amended, 41 U.S.C.A. §§ 35–45, because of alleged violations of that Act by the plaintiff in the performance of some 33 contracts with the Government.

Three of the four contracts under which the Government's withholding has taken place were contracts not subject to the Walsh-Healey Act because they were for amounts less than $10,000. The amounts withheld from payments otherwise due the plaintiff on those three contracts is $9,042.72. The plaintiff says that as to this amount, the Government is, on the facts shown by the petition and answer, not justified in its withholding, and hence we should now enter partial judgment for this amount.

The legal question involved is whether, when the Secretary of Labor has determined that a contractor has violated the Walsh-Healey Act, and that he should pay to the Government an amount fixed by the Secretary pursuant to the provisions of the Act, the Government can pay itself by withholding money otherwise due the contractor on other contracts, if those other contracts are not covered by the Act.

In Ready-Mix Concrete Co. v. United States, 130 F.Supp. 390, 131 Ct.Cl. 204, we held that the Government could withhold sums due on other contracts which were subject to the Act, although no violations of the Act had occurred in relation to those other contracts. We did not, of course, decide the question involved in the instant case, which concerns other contracts not subject to the Act. In Ready-Mix we also decided that the Government could withhold, although its right to bring suit had been lost by the running of the statute of limitations prescribed in the Portal to Portal Act of 1947, 29 U.S.C.A. § 255. In the instant situation the Government did sue the plaintiff in the United States District Court for the money here in question, but lost the case, which went to the Supreme Court of the United States, Unexcelled Chemical Corp. v. United States, 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821, on the ground that the

statute of limitations had run. Having failed in its affirmative effort to collect this money from the plaintiff by suit, the Government resorted to the more primitive remedy of self-help, and withheld the money from the payments due on the other contracts.

The Government does not, or does not seriously, contend that the express provision of the Walsh-Healey Act authorizing withholding on other contracts justifies what it has done. The provision speaks of "such" contracts, and since the whole context relates to contracts covered by the Walsh-Healey Act, it seems not to apply to contracts not so covered. The Government's position in the instant situation is that it is a creditor of the plaintiff, because of the Secretary of Labor's valid determination of violations of the Act, and that is has the right which every creditor has to set off its claim as a creditor against its obligation as a debtor. It cites, of course, United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, in which the court referred to the Judicial Code, section 145, 28 U. S.C. § 250(2)* giving to this court jurisdiction to hear and determine

"All set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court * * *"

The Supreme Court held that, by logical implication, the Comptroller General had the same power in his function of making administrative settlements, subject to review by the court.

If the Walsh-Healey Act had merely provided that the Secretary of Labor could determine violations and the amounts which should be paid to the Government as reparations for the violations, and had contained no provision for withholding, the broad language of the Judicial Code would seem to permit the Government to set off those amounts against the claim of a contractor in this court, if we concluded that the Secretary's determination was valid.

The plaintiff's position is, then, and must be, that since the Walsh-Healey Act contains its own provision for withholding, it intends that the limited withholding which it provides is the only withholding which is to be permitted, and that other common law or statutory doctrines relating to offsets should not apply. With considerable hesitation we have concluded that the plaintiff is right.

If the usual power to set off mutual debts was intended to be left intact, the withholding provision of the Walsh-Healey Act was pure surplusage. It may well be that Congress did not specifically have in mind the broad powers of withholding which the Government already had. But the Walsh-Healey Act was new legislation, intended to impose upon contractors with the Government higher standards in their dealings with their employes than many of the States were then imposing. At that time the Government's generally applicable Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., had not been enacted. In those circumstances, we think it probable that Congress, in providing for suit by the United States, and for withholding from amounts due on other "such" contracts, thought that it was providing the only remedies for violations of its Act. There is, of course, in this situation an element of repeal by implication, and an element of changing pre-existing common law without any expressed intent to do so. However, being persuaded that Congress did not have in mind other sanctions for the violation of the Walsh-Healey Act than the ones which it expressly provided, we think we should not discover and apply other sanctions which Congress might or might not have desired to be applicable if it had had them in mind.

* Now 28 U.S.C. § 1503.

The plaintiff's motion for a partial judgment on the pleadings is granted.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER and LITTLETON, Judges, concur.