LUCKENBACH STEAMSHIP CO., Inc., Appellant,

v.

UNITED STATES of America, Appellee.

No. 156, Docket 27777.

United States Court of Appeals Second Circuit.

Argued Dec. 11, 1962.

Decided Jan. 11, 1963.

J. Franklin Fort, of Kominers & Fort, Washington, D. C. (Israel Convisser, Washington, D. C., of counsel; Norman M. Barron, of Burlingham, Underwood, Barron, Wright & White, New York City, on the brief), for appellant.

Lawrence F. Ledebur, Department of Justice, Washington, D. C. (Joseph D. Guilfoyle, Acting Asst. Atty. Gen., Vincent L. Broderick, Acting U. S. Atty., Morton Hollander and Leavenworth Colby, Washington, D. C., on the brief), for appellee.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

In this action the plaintiff seeks a declaration that it is not liable to the defendant on a claim which has been asserted by the defendant, but on which the defendant has failed to bring suit. The district court granted defendant's motion for summary judgment on the ground that plaintiff's claim is time-barred by reason of the provisions of the limitations section of the Suits in Admiralty Act, 46 U.S.C. § 745. We reverse this determination and remand the case for further proceedings.

Since the issue presented here does not involve the merits of the controversy it is sufficient to describe very briefly the plaintiff's allegations as to the defendant's claim.[1] That claim is for $417,302.13 for "additional charter hire" on certain vessels owned by defendant and chartered by plaintiff during the period of 1946–1951. The charter was entered into pursuant to the Merchant Ship Sales Act of 1946, 50 U.S.C.A.Appendix § 1738ff. The plaintiff disputes the bases of the defendant's claim in three particulars. The first issue is whether the defendant has the right to recover "additional charter hire" on the basis of a "sliding scale" ranging from fifty to ninety percent, when § 709(a) of the Merchant Marine Act of 1936, 46 U.S.C. 1199(a), provides that "additional charter hire" shall be fifty percent of profits. The second issue is whether the defendant properly required computation of profits for 1947 on the basis of a divided year, thus preventing offsets of profits and losses for the entire calendar year. The third dispute relates to the propriety of carrying forward profits and losses from one year to another.

The defendant does not contest the existence of an "actual controversy" between itself and appellant as to whether appellant is indebted to it for additional charter hire, nor does it deny the availability of declaratory judgments in admiralty. The controversy between appellants and the Government is clearly "definite and concrete, touching the legal relations of parties having adverse legal

1. The circumstances are set forth fully in American-Foreign Steamship Corp. v. United States, 291 F.2d 598 (2d Cir.), cert. denied, 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92 (1961).

interests." It is a "real and substantial controversy admitting of specific relief through a decree of a conclusive character." Aetna Life Ins. Co., etc. v. Haworth, 300 U.S. 227, 240–241, 57 S.Ct. 461, 81 L.Ed. 617 (1937); see Joint Anti-Fascist Refugee Comm. v. McGrath, 341 U.S. 123, 149–157, 71 S.Ct. 624, 95 L.Ed. 817 (1951) (Frankfurter, J., concurring).

■ The purpose of the declaratory remedy is to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued." E. Edelmann & Co. v. Triple-A Specialty Co., 88 F.2d 852, 854 (7th Cir.), cert. denied, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884 (1937). Appellant's purpose in bringing this action was to "(a) write off or pay the Government's claim, (b) discharge the surety on its bond insuring payment of additional charter hire, and (c) avoid possible accrual of interest on the Government's claim." (Appellant's brief p. 5.) Appellant would thus appear to be in the very predicament for which the Declaratory Judgments Act was intended to grant relief.

The district court, in reaching its conclusion that plaintiff's claim was barred by the statutory limitation provision, relied largely on a remark of this court in the course of its opinion in American-Foreign Steamship Corp. v. United States, 291 F.2d 598 (2d Cir.), cert. denied, 368 U.S. 895, 82 S.Ct. 171, 7 L.Ed.2d 92 (1961). In that case, in which the Luckenbach Steamship Company was also a plaintiff, substantially the same issues were posed as those posed by plaintiff's allegations in the present case. However, the cases are essentially different in character because in the American-Foreign case, the plaintiffs sought affirmative recovery, to wit, the refund of alleged overpayments of charter hire, whereas in the present case, the plaintiff seeks only a declaration of non-liability for additional payments which the defendant claims are due.

The language of the American-Foreign opinion to which the district court refers is as follows:

"Charterers could have brought suit in the District Court for a declaratory judgment to determine the legality of the disputed clauses within two years of signing the agreements." 291 F.2d at 604.

The action in which these words were used was not an action for declaratory relief. The plaintiffs sought not a declaratory but a coercive judgment, a judgment for refund of moneys paid. Whether or not declaratory relief was governed by the two year statute could not have been determinative of the plaintiff's rights, and the weight to be attached to the quoted statement must be considered with that fact in mind. We do not believe that the statement is binding upon us.

The limiting statute reads (46 U.S.C. § 745):

"Suits as authorized by this chapter may be brought only within two years after the cause of action arises * * *."

■ Limitations statutes do not apply to declaratory judgments as such. Declaratory relief is a mere procedural device by which various types of substantive claims may be vindicated. There are no statutes which provide that declaratory relief will be barred after a certain period of time. Limitations periods are applicable not to the form of relief but to the claim on which the relief is based.[2] In the present case that

2. In determining what statute of limitations applies to a claim, it is substance of the right sued on, and not the remedy invoked, that governs. "The right asserted is determinative, not the relief sought." New Amsterdam Cas. Co. v. Waller, 301 F.

2d 839, 844 (4th Cir. 1962). See Bechler v. Kaye, 222 F.2d 216, 220 (10th Cir.), cert. denied, 350 U.S. 837, 76 S.Ct. 75, 100 L.Ed. 747 (1955); National Discount Corp. v. O'Mell, 194 F.2d 452 (6th Cir., 1952). The same principle is applicable

basic subject matter is a defense, and it is entirely clear, and conceded, that the defense which the plaintiff seeks to assert is not barred by the statute.[3] In other words the government is not contending that the subject matter of plaintiff's claim is barred, but only that declaratory relief based upon that subject matter is barred.[4] The plaintiff's claim can concededly be asserted as a defense but, it is argued, it cannot be asserted as the basis for declaratory relief. This is the equivalent of saying that the claim is not barred but that a declaratory judgment is barred. But, as indicated above, there are no statutes which bar declaratory relief as such, and the interpretation of Section 745 for which the

defendant contends is therefore without parallel elsewhere in the law.

 Non-liability for which plaintiff seeks a declaration is not a "cause of action" within the meaning of the limitations section. Non-liability is the negative of the claim or cause of action with respect to which the declaration is sought. For purposes of the statute of limitations non-liability is inextricably linked with that cause of action. So long as the claim can be made, its negative can be asserted. When the claim itself has been barred, a declaration of non-liability is also barred, except for non-liability which is itself based upon the bar of the limitations period. (In this latter sense a declaration of non-lia-

---

when the question presented is not *which* statute of limitations applies, but *whether* a statute is applicable at all.

3. The law is well settled that limitations do not normally run against a defense. The principle has often been expressed in the figure of speech that the statute is available only as a shield, and not as a sword. Northern Pac. Ry. v. United States, 277 F.2d 615, 623–624 (10th Cir. 1960) and cases cited; see 53 C.J.S. Limitations of Actions § 104. The rule was explained in United States v. Western Pac. R. R., 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). In reversing a judgment below that certain defenses of the United States were barred by limitations although the plaintiff's claims were not, the Court said:

"the basic policy behind statutes of limitations has no relevance to the situation here. The purpose of such statutes is to keep stale litigation out of the courts. They are aimed at lawsuits, not at the consideration of particular issues in lawsuits. Here the action was already in court and held to have been brought in time. To use the statute of limitations to cut off the consideration of a particular defense in the case is quite foreign to the policy of preventing the commencement of stale litigation. We think it would be incongruous to hold that once a lawsuit is properly before the court, decision must be made without consideration of all the issues in the case and without the benefit of all the applicable law. If this litigation is not stale, then no issue in it can be deemed stale."

352 U.S. at 72, 77 S.Ct. at 169.

See Burton v. Martin Oil Service, Inc., 295 F.2d 679 (7th Cir., 1961); Hill v. Hawes, 79 U.S.App.D.C. 168, 144 F.2d 511 (1944).

Thus a defense of recoupment survives as long as the cause of action on the claim exists.

"Recoupment goes to the foundation of the plaintiff's claim; it is available as a defense, although as an affirmative cause of action it may be barred by limitation. The defense of recoupment, which arises out of the same transaction as plaintiff's claim, survives as long as the cause of action upon the claim exists." Pennsylvania R. R. v. Miller, 124 F.2d 160, 162, 140 A.L.R. 811 (5th Cir.), (footnotes omitted), cert. denied, 316 U.S. 676, 62 S.Ct. 1047, 86 L.Ed. 1750 (1942).

See Bull v. United States, 295 U.S. 247, 262, 55 S.Ct. 695, 79 L.Ed. 1421 (1935); City of Grand Rapids v. McCurdy, 136 F. 2d 615, 619 (6th Cir., 1943); Ready Mix Concrete Co. v. United States, 130 F. Supp. 390, 131 Ct.Cl. 204 (1955); Nautilus Shipping Corp. v. United States, 158 F.Supp. 353, 141 Ct.Cl. 391 (1958); Annot., 1 A.L.R.2d 630, 666–73 (1948).

4. The question in this case arises, of course, only when limitation has run against affirmative relief for one party, but not against the other. Here this situation is presented because limitations do not normally run against the Government. United States v. Summerlin, 310 U.S. 414, 60 S.Ct. 1019, 84 L.Ed. 1283 (1940); United States v. Thompson, 98 U.S. 486, 25 L.Ed. 194 (1878).

bility will never be barred, since there will always exist the possibility of securing a declaration that the claim is barred by the statute of limitations.)

 The purpose of statutes of limitations is "to keep stale litigation out of the courts." United States v. Western Pac. R. R., 352 U.S. 59, 72, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956). The declaratory judgment procedure as used in the present case is also designed to permit the termination of a continuing actual controversy when that controversy might otherwise continue indefinitely. See Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir., 1937). Both statutes of limitations and declaratory judgment procedures are directed to repose. The position taken by the Government would have us apply one to the other in order to reach the anomalous result of allowing a stale government claim to grow even staler. We do not believe that Congress could have intended such an incongruous result.

That congressional policy is designed to permit exactly the kind of determination which the defendant resists in the present case is indicated by 28 U.S.C. § 1494 under which the plaintiff originally brought the present claim. That statute provides:

"The Court of Claims shall have jurisdiction to determine the amount, if any, due to or from the United States by reason of any unsettled account of any officer or agent of, or contractor with, the United States, * * * where:

"(1) claimant or the person he represents has applied to the proper department of the Government for settlement of the account;

"(2) three years have elapsed from the date of such application without settlement; and

"(3) no suit upon the same has been brought by the United States."

Such authority as there is on the point at issue supports the view that a declaration of non-liability is not barred by the statute of limitations.

In Hill v. Hawes, 79 U.S.App.D.C. 168, 144 F.2d 511 (1944), suit was brought for the cancellation of a note and deed of trust on the ground that if payments of usurious interest were credited to plaintiff, the note was fully paid. In rejecting defendant's contention that the suit was time-barred, the court said:

"The statute of limitations does not bar the relief sought in this case. Under the usury statute recovery of usurious payments is limited to one year. Under the general statute of limitations actions not otherwise limited must be brought within three years. However, no statute puts any limitations on the claim of usury used as a defense in a suit based on the usurious obligation. A usurer cannot by delaying suit on a note acquire the right to collect the usurious payments forfeited by the statute. *In substance, this suit may be regarded as one for a declaratory judgment that the plaintiff's intestate had a complete defense to her obligation on the note. A declaration that there is a complete defense to the note is not barred by the statute.*" 144 F.2d at 513 (footnotes omitted). (Emphasis supplied.)

In Williams v. Neely, 134 F. 1, 69 L.R.A. 232 (8th Cir., 1904), Neely brought an action at law against Williams on a promissory note. By way of recoupment, Williams alleged breach of the vendor's covenant against encumbrances on the land for which the note was given. The trial court held that the facts alleged did not constitute a defense. Thereupon Williams brought an action in equity to enjoin prosecution of Neely's action at law. The Court of Appeals held that the facts as alleged constituted a good defense, and that the statute of limitations had not run against it even though Williams appeared as a party plaintiff in the case before the appellate court. In dealing with the limitations question, the court said:

"The next contention is that the defense to the note by way of equitable reduction is unavailable to the

complainants because the cause of action upon the covenant against incumbrances is barred by the statute of limitations. Conceding, without deciding, that the bar of the statute had fallen upon the action on this covenant before this suit was instituted, that fact is not fatal to the defense of the complainants, *nor to this suit to enforce it.* That defense, as we have seen, is not set-off or counterclaim, but an equitable reason why the amount payable by the terms of the note should be reduced. It is reduction. It is that because the consideration of the note failed in part, and because the condition subsequent that the covenant against incumbrances should be kept was not fulfilled, the full amount of the note ought not to be paid. This defense attaches to and inheres in the note itself, and, while the cause of action upon that obligation survives, the defense lives and runs with it. The defense of reduction or recoupment which arises out of the same transaction as the note or claim survives as long as the cause of action upon the note or claim exists, although an affirmative action upon the subject of it may be barred by the statute of limitations." 134 F. at 12–13. (Emphasis supplied.)

State courts have consistently taken the same position. Thus in Rosborough v. Picton, 12 Tex.Civ.App. 113, 34 S.W. 791, 43 S.W. 1033 (1896), plaintiffs refused to make further payments on their notes given for the purchase of certain lands, claiming that title to a portion thereof had not passed. When the defendants threatened to foreclose the notes, plaintiffs sued to enjoin the foreclosure sale. In rejecting defendants' contention that the action was barred by limitations, the court said:

"The statute of limitation, in our opinion, has no application to the case. It is not a suit to recover anything from the defendants, but *is* the assertion of a partial defense to the notes which were made the

basis of the proceeding to sell under the trust deed, and which defense might become ineffectual if the sale were allowed to proceed. It has been held that a defense of this character can be made to a suit for the purchase money whenever it may be brought, and that the statute of limitations has no application. Moore v. Hazelwood, 67 Tex. 624, 4 S.W. 215, [Franco-Texan] Land Co. v. Simpson, 1 Tex.Civ.App. 600, 20 S. W. 953. If, however, the purchase money has all been paid, and a suit is necessary to recover it, the statute, of course, runs, as it does against any other cause of action. Smith v. Fly, 24 Tex. 345. It necessarily results from these decisions that, so long as the purchase money is unpaid, the defense exists, and the statute does not run; in fact, has no application to it as a defense to the purchase-money notes. * * * [Plaintiff] neither has nor asserts a cause of action to recover money paid, ·because he has not paid anything in excess of what he owed, and such a cause of action as that only arises when the vendee has paid more than was due for the land which he actually got. So, it is evident that no cause of action is asserted here which the statute has barred. The appellants' right of action consists in the fact that they have a present valid defense to the notes to pay which a sale is about to be made, and that they can only assert it with the aid of a court of equity." 34 S.W. at 793.

See also Murphy v. Boyt, 180 S.W.2d 199 (Tex.Civ.App.1944); Tyrrell Combest Realty Co. v. Ellis, 127 S.W.2d 598 (Tex.Civ.App.1939). And see Equitable Life Ins. Co. v. Condon, 233 Iowa 567, 10 N.W.2d 78 (1943). These·cases were in the nature of suits to quiet title. They gain in persuasiveness when it is remembered that "the action for a so-called negative declaration is simply a broadening of the equitable action for the removal of a cloud from title to cover

the removal of clouds from legal relations generally." Borchard, Declaratory Judgments 21 (1941). See also id. at 139–143.

In Nickel v. Looser, 61 Cal.App.2d 224, 142 P.2d 458 (Dist.Ct.App.1943), plaintiff sued to cancel a promissory note and deed of trust given to the builder of plaintiff's house in 1934. Plaintiff argued that defendant's failure to build the house in a workmanlike manner resulted in a failure of consideration for the note. In affirming judgment for plaintiff, the court held that "the statute of limitations cannot be invoked by defendants to bar the defense of the invalidity or non-performance of the agreement as alleged and proved by plaintiff." 142 P.2d at 461.

The Government urges that since this is an action against the United States, a different analysis must prevail. In summary, it argues that the United States cannot be sued without its consent, that the consent to suit contained in Section 2 of the Suits in Admiralty Act, 46 U.S.C. 742, is limited by the built-in statute of limitations in Section 5, 46 U.S.C. 745, and that the courts are accordingly without jurisdiction unless suit is brought "within two years after the cause of action arises." It further argues that the Declaratory Judgments Act, 28 U.S.C. 2201, was not intended to extend the jurisdiction of the federal courts, and that to grant declaratory relief despite the "jurisdictional" statute of limitations in the Suits in Admiralty Act would do precisely that.

■ Injection of the term "jurisdiction" merely begs the question. If, as we believe, Congress did not intend by Section 745 to bar declaratory judgment actions based on non-liability, then the jurisdictional character of Section 745 is irrelevant to the present inquiry. Cf. United States v. Western Pac. R. R., 352 U.S. 59, 72–73, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

■ It is true, as defendant argues, that the Declaratory Judgments Act did not extend the jurisdiction of the federal courts. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). But jurisdiction in this case rests not on that Act but on 28 U.S.C. §§ 1331 and 1333, on the federal statutes on which appellant relies for its contention that certain provisions in its charter contract with the Government were unlawful and void, and on Section 2 of the Suits in Admiralty Act, 46 U.S.C. § 742. To be sure, appellant could not have brought this action in a federal court were it not for the Declaratory Judgments Act. The same may be said of almost any federal action for declaratory relief. See 6 Moore, Federal Practice ¶57.23 (1953).

Reversed and remanded.