**WHITNEY BROTHERS PLUMBING AND HEATING, INC., Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. F–35–62.**

United States District Court
D. Alaska,
at Fairbanks.
Dec. 30, 1963.

Charles E. Cole, Fairbanks, Alaska, for plaintiff.

James R. Clouse, Jr., Asst. U. S. Atty., Anchorage, Alaska, for defendant.

PLUMMER, District Judge.

Plaintiff has sued to recover $679.17 which, it alleges, the defendant owes it for the performance of Contract No. DA–45–041–SC–1282. The defendant contends that it has withheld this amount under the provisions of the Davis-Bacon Act, 40 U.S.C.A. §§ 276a and 276a–1, because of alleged violations of that Act by plaintiff in the performance of a prior contract, No. DA–45–041–1143.

This court has jurisdiction under 28 U.S.C.A. § 1346(a) (2).

The case has been submitted for decision upon the following stipulated facts:

(1) On March 7, 1960, plaintiff entered into a contract with the United States of America, Contract No. DA–45–041–SC–1143, for the construction of a Power and Heating Plant Addition for the United States Army, Alaska Communication System, at Tok, Alaska, for an agreed price.

(2) Plaintiff entered into a written subcontract agreement with Frank Robertson, an individual doing business under the name and style of Robertson Construction Company. Robertson failed to perform his obligations under the subcontract agreement and plaintiff was required to complete Robertson's performance under the subcontract.

(3) Three individuals, James Locke, John Jonathan and Rudolph Ellingsen, initiated complaints with the United States of America through its agencies, claiming unpaid wages due them from Robertson Construction Company.

(4) On June 4, 1962, plaintiff entered into another contract with the United States of America, Contract No. DA–45–041–SC–1282, for the construction of a Leaching Well for the United States Army, Alaska Communication System, at Delta Junction, Alaska. The contract price under this contract was $10,563.00. Plaintiff duly performed its obligations under this contract and the defendant withheld from the contract price the sum of $679.17 on the ground that this sum was required to be paid by the plaintiff to the employees of Robertson Construction Company hereinabove mentioned on unpaid wage claims.

(5) The defendant claims that plaintiff is obligated to pay these unpaid wage claims under the provisions of the Davis-Bacon Act, and that defendant is entitled to set off from the contract price under the Delta Junction contract, DA–45–041–SC–1282, the amount which plaintiff owes the Robertson Construction Company employees under the Davis-Bacon Act.

(6) Plaintiff claims that it has no obligation to pay these wage claims, even assuming that the employees lawfully had coming to them from Robertson Construction Company the sums claimed by them for unpaid wages. Plaintiff's position is that its sole responsibility on the Tok project, Contract No. DA–45–041–SC–1143, for unpaid wage claims of employees of Robertson Construction Company arises by virtue of the Miller Act, 40 U.S.C.A. § 270a et seq.

(7) Plaintiff's claim of $679.17 was computed by subtracting from the contract price under the Delta Junction contract, No. DA–45–041–SC–1282, the amount paid to the plaintiff by the defendant.

(8) Robertson Construction Company agreed to pay the wage claimants an hourly rate of wage at least equal to the hourly wage rate prescribed for their wage classification by the Secretary of Labor.

(9) Two checks were issued to claimant Ellingsen for all of the wages claimed by him and one check was issued to claimant Locke for part of the wages claimed by him in amounts computed by multiplying the agreed upon hourly wage by the number of hours worked by claimants for which the checks were intended to be payment with due allowance for overtime work. When these checks were presented for payment there were not sufficient funds in the account of Robertson Construction Company with which to pay them. No checks were issued for any part of the wages claimed by claimant Jonathan. The defendant contends that non-payment of wages is a payment of rate of wages less than the rate of wages required under the Davis-Bacon Act.

(10) Ellingsen, Locke and Jonathan were employees of the Robertson Construction Company, a subcontractor of the plaintiff under Contract No. DA–45–041–SC–1143.

(11) At the termination of the contract of employment between Ellingsen, Locke and Jonathan and Robertson Construction Company, there was due and owing to the said Ellingsen, Locke and Jonathan unpaid wages in the respective amounts of $251.46, $256.33 and $171.38, for a total amount of $679.17.

The issues for determination are (1) whether plaintiff is liable for payment of the wage claims under the provisions of the Davis-Bacon Act, and (2) if so, does the defendant have the right of set-off.

Both issues must be determined adversely to the defendant.

The pertinent part of 40 U.S.C.A. § 276a provides:

"* * * and the further stipulation that there may be withheld from the contractor so much of accrued payments as may be considered necessary by the contracting officer to pay to laborers and mechanics employed by the contractor or by any subcontractor on the work the difference between the rates of wages required by the contract to be paid laborers and mechanics on the work and the rates of wages received by such laborers and mechanics and not refunded to the contractor, subcontractors, or their agents."

The pertinent part of 40 U.S.C.A. § 276a–2 provides:

"(a) The Comptroller General of the United States is authorized and directed to pay directly to laborers and mechanics from any accrued payments withheld under the terms of the contract any wages found to be due laborers and mechanics pursuant to sections 276a to 276a–5 of this title;"

The words "accrued payments" and "the contract" are used in the Davis-Bacon Act, hereinafter referred to as the Act. Accrued, as a participial adjective, may be and sometimes is used as indicating the due date, in the sense of "due and payable", although not necessarily so. The word has been defined as meaning: accumulated; . . . definitely ascertained and acknowledged to be due; due; earned; . . . having come to maturity; . . . incurred; payable; realized; subject to and fixed for payment. 1 C.J.S. Accrue pp. 762–763.

The words "accrued payments" as used in the Act have reference to payments earned but not yet paid. They cannot be construed to mean "payments to be accrued".

The government, in its Standard Form Government Contract No. DA–45–041–SC–1143, hereinafter referred to as Contract No. 1143, uses the words "this contract" instead of the words "the contract" which are used in the Act. It is clear beyond question that the words "this contract" can only have reference to Contract No. 1143. The court is not disposed to alter the construction given these words by the government in the

contract prepared on its forms since it is manifestly correct.

The Act authorizes and directs the Comptroller General to distribute a list to all departments of the government giving the names of persons or firms whom he has found to have disregarded their obligations to employees and subcontractors. It further provides that no contract shall be awarded to persons or firms appearing on the list until three years have elapsed. It is difficult in view of these provisions to believe that the Act contemplates or authorizes withholdings for violations to be made from other contracts to be awarded in the future.

■ The Act and Contract No. 1143 authorize the government in the event of a violation to, (1) withhold funds from accrued payments; (2) take over the work for the account of the contractor and its surety; (3) pay from any accrued payments withheld under the terms of the contract any wages found to be due to laborers and mechanics; (4) distribute a list to all departments of government of all persons and firms who have disregarded · their obligations to employees and subcontractors; and (5) prevent the award of a government contract to such persons or firms for a period of three years.

None of these authorized procedures were followed by the government in connection with Contract No. 1143. Instead, the government, some two years later, attempted to withhold sums due employees of Robertson Construction Company under Contract No. 1143 from amounts due plaintiff under Contract No. DA–45–041–SC–1282. To restate a portion of the opinion of Judge Madden in Unexcelled Chemical Corporation v. United States, 137 Ct.Cl. 681, 149 F.Supp. 383 at p. 385 (1957), it appears that, "the Government resorted to the more primitive remedy of self-help, and withheld the money from the payments due on the other contracts."

No monies having been withheld from the contractor from the accrued payments under Contract No. 1143, to cover the wage claims here involved, the court finds that plaintiff is not liable for their payment under the provisions of the Davis-Bacon Act.

In support of the right of set-off asserted by the government, it cites United States v. Munsey Trust Co., 332 U.S. 234, 67 S.Ct. 1599, 91 L.Ed. 2022, and correctly states that the government has a clear right to set off a debt owed to it against a debt owed by it to the same party. While this is undoubtedly a correct statement of the law, the Munsey case has no application to the case at hand. Here there is no contention that a debt is owing to the government by the plaintiff. By stipulation it is acknowledged that the debt or claim is owing to Ellingsen, Locke and Jonathan.

■■ Set-off contemplates the right existing between two parties to set off their debts by mutual deduction. Scammon v. Kimball, 92 U.S. 362, 23 L.Ed. 483. Unless the debts run solely between the parties, they are not the proper subject of a set-off. Scott v. Armstrong, 146 U.S. 499, 13 S.Ct. 148, 36 L.Ed. 1059. Yardley v. Philler, 167 U.S. 344, 17 S.Ct. 835, 42 L.Ed. 192.

There being no debt owing by plaintiff to defendant, the court finds defendant does not have the right of set-off.

For the reasons herein stated judgment will be entered in favor of the plaintiff. Counsel for plaintiff will prepare an appropriate form of judgment in accordance with this opinion, which is adopted by the court in lieu of specific findings of fact and conclusions of law. After service of the judgment on counsel for defendant and after submission of the same to the court for approval, it shall be presented to the Clerk for entry.