**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 7 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROSETTE INC., a New Mexico
corporation, BURGETT
INVESTMENT, INC., a New Mexico
corporation, BURGETT
GEOTHERMAL GREENHOUSE,
INC., a New Mexico corporation,

    Plaintiffs-Appellants,

v.

UNITED STATES OF AMERICA;
JANET RENO, as Attorney General;
DEPARTMENT OF INTERIOR;
BRUCE BABBITT, Secretary of
Interior of the United States; JAMES
BACA, in his official capacity as
Director of Bureau of Land
Management; WILLIAM CALKINS,
in his official capacity as State
Director of Bureau of Land
Management; LINDA RUNDELL, in
her offical capacity as Las Cruces
District Manager of Bureau of Land
Management,

    Defendants-Appellees.

No. 96-2126

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-93-1379-BB)**

---

Stephen E. Hosford, Hubert & Hernandez, Las Cruces, New Mexico, for Plaintiffs-Appellants.

Jared A. Goldstein, United States Department of Justice, Washington, D.C. (Lois J. Schiffer, Assistant Attorney General, State of New Mexico, Santa Fe, New Mexico, John J. Kelly, United States Attorney, John Zavitz, Assistant United States Attorney, Albuquerque, New Mexico, Robert L. Klarquist, Jonathan F. Klein, United States Department of Justice, Grant L. Vaughn, Office of the Solicitor, Department of the Interior, Santa Fe, New Mexico, Of Counsel, on the brief) for Defendants-Appellees.

––––––––––––––––

Before **EBEL**, **McWILLIAMS**, and **HENRY**, Circuit Judges.

––––––––––––––––

**HENRY**, Circuit Judge.

Plaintiffs-Appellants (collectively referred to as "Rosette") appeal the district court's dismissal, on statute of limitations grounds, of their claim alleging ownership of geothermal resources. The court's determination of subject matter jurisdiction is a question of law, which we review de novo. Williams v. United States, 957 F.2d 742, 743 (10th Cir. 1992). Because the Quiet Title Act, 28 U.S.C. § 2409a, controls Rosette's lawsuit, and because Rosette did not file suit within the Act's statute of limitations, we affirm.

## I. BACKGROUND

Rosette owns the surface estate to certain real property in Hidalgo County, New Mexico by virtue of two United States patents issued under the Stock

2

Raising Homestead Act of 1916, 43 U.S.C. §§ 299, 301 (remainder of the Act repealed by Act of Oct. 21, 1976, Pub. L. No. 94-579, 90 Stat. 2787 & 2792). The patents reserve the "coal and other minerals" to the United States. Aplt's App. vol. I at 25; see also 43 U.S.C. § 299 (all patents issued under the Stock Raising Homestead Act shall "contain a reservation to the United States of all the coal and other minerals in the lands so entered and patented.")

Rosette operates a business growing roses in greenhouses on the property. Several wells are used to irrigate the operation, and separate geothermal wells are used to heat the greenhouses. Rosette has obtained permits for "beneficial use" of the wells under New Mexico law. The United States, claiming an interest in the geothermal resources pursuant to the Geothermal Steam Act of 1970, 30 U.S.C. §§ 1001-1028, leased these resources to an entity known as Amax Exploration, Inc. Rosette is one of the designated operators under this lease. Rosette uses the geothermal steam in its greenhouse operation and, accordingly, makes royalty payments.

In 1993, the Bureau of Land Management ("BLM") requested Rosette to install new metering devices in order to record its consumption of geothermal resources. Rosette challenged the BLM's authority to require installation of the new metering devices. The BLM, finding that Rosette's then-current metering system did not meet BLM specifications, issued a "shutdown order" requiring

3

Rosette to cease using the geothermal resources. Rosette filed suit, claiming that geothermal resources are not reserved minerals under the Stock Raising Homestead Act, and, therefore, that the United States lacks the authority to regulate them. Because we resolve this case on statute of limitations grounds, we need not reach the merits.[1]

Rosette's complaint is styled as one for quiet title, ejectment, declaratory judgment and permanent injunction. Rosette invokes the Quiet Title Act and the Declaratory Judgment Act, 28 U.S.C. § 2201 as jurisdictional bases. Count I of the complaint seeks a declaration that the United States has no interest in the geothermal resources. Count I also seeks to quiet title in Rosette to those resources. Count II likewise seeks a declaration that the United States has no interest in the geothermal resources because it has failed to quiet title to those resources. In Count III, Rosette again seeks a declaration that the United States has no interest in the geothermal resources. Finally, Count IV asks the court to quiet title to the geothermal resources and to enjoin the United States from asserting authority over them. The district court observed that the extent of the United States' authority to regulate the geothermal resources is inextricably

---

[1]We note that the Ninth Circuit decided this issue on the merits in favor of the government. See United States v. Union Oil Co. of California, 549 F.2d 1271, 1272 (9th Cir. 1977) (holding that "the mineral reservation in patents issued under the Stock-Raising Homestead Act of 1916 reserved to the United States geothermal resources underlying the patented lands") (citations omitted).

related to the question of ownership of those resources. Aplt's App. vol. I at 170.

Thus, the district court found that the Quiet Title Act controlled Rosette's lawsuit,

notwithstanding the fact that the complaint also sought declaratory and injunctive

relief, as well.

## II. DISCUSSION

**A. The Quiet Title Act provides Rosette's exclusive remedy.**

On appeal, Rosette argues that its lawsuit is primarily one for declaratory

relief. Rosette claims that it is merely seeking a declaration of the United States'

authority to regulate the heat in the water which comes from the state-permitted

wells. Because the United States purports to hold the authority to regulate the

geothermal resources, and because it has exercised this authority, Rosette argues

that its lawsuit is, in actuality, a defense to government agency action. Rosette

cites the well-settled maxim that limitations do not normally run against a

defense, or, in other words, that a statute of limitations may be used only as a

shield, not as a sword. See Northern Pac. Ry. v. United States, 277 F.2d 615,

623-24 (10th Cir. 1960). Furthermore, Rosette argues that a statute of limitations

cannot bar a claim for declaratory relief.

In support of these arguments, Rosette cites Luckenbach S.S. v. United

States, 312 F.2d 545 (2d Cir. 1963). In Luckenbach, the plaintiff sought a

5

declaration of nonliability on a debt claimed by the defendant (but on which the defendant had not filed suit). Id. at 547. The district court granted summary judgment in favor of the defendant, holding that the plaintiff's claim was time-barred. Id. The Second Circuit reversed, explaining that if the underlying claim was not time-barred, then an action seeking a declaration regarding that claim would not be barred either. Id. at 549. Conversely, if the claim underlying a declaratory action was time-barred, then a declaratory judgment action would also be barred. Id.

Luckenbach is not helpful to Rosette here. First of all, as discussed below, this is really not a declaratory judgment action but, rather, an action to quiet title to real property in which the United States claims an interest. Second, unlike in Luckenbach, the merits of the underlying claim are time-barred in the instant case.

Rosette may characterize its lawsuit as a declaratory judgment action, but it nonetheless seeks a declaration as to the ownership of the geothermal resources. Moreover, Rosette may characterize its lawsuit as a defensive measure, but its lawsuit nonetheless is an affirmative step taken to quiet title to the geothermal resources. As discussed above, the district court found that Rosette's request for declaratory relief leads directly back to the question of title, and, as such, is inextricably linked to that question. The district court reasoned that since the

6

Quiet Title Act contains a limited waiver of sovereign immunity, it provides Rosette's exclusive remedy. We agree with the district court on this point and conclude that the Quiet Title Act controls Rosette's lawsuit.

This conclusion is buttressed by the Supreme Court's pronouncement in Block v. North Dakota ex rel. Bd. of Univ. and School Lands, 461 U.S. 273 (1983). In Block, North Dakota sought to resolve a dispute over ownership of the Little Missouri riverbed. Id. at 277-78. It filed a complaint against the United States, invoking, among other statutes, the Declaratory Judgment Act and the Administrative Procedures Act as jurisdictional bases. Id. at 278. The complaint did not mention the Quiet Title Act. Id. The district court, however, required North Dakota to amend its complaint to aver a quiet title claim. Id. At trial, the United States raised the Quiet Title Act's statute of limitations as a defense. The district court found that the statute of limitations did not apply to sovereigns, and it accordingly entered judgment quieting North Dakota's title to the riverbed. Id. at 279.

The United States petitioned for certiorari, and North Dakota cross-petitioned, arguing that even if the Quiet Title Act's statute of limitations did apply, the judgment should be affirmed because the Quiet Title Act did not provide North Dakota's exclusive remedy. Id. at 280. The Supreme Court disagreed with North Dakota. The Court first observed that, absent an express

7

waiver of sovereign immunity, suits against the United States are barred. Id. at 280. The Court then considered the Senate bill that served as the framework for the Quiet Title Act. It noted that the bill waived immunity when a party asserted an interest in lands the United States claimed. Id. at 282. After further consideration of the legislative history, the Court held that "Congress intended the [Quiet Title Act] to provide the exclusive means by which adverse claimants could challenge the United States' title to real property." Id. at 286.

The Quiet Title Act, therefore, is Rosette's only recourse for haling the United States into court on the issue of *ownership* of the geothermal resources. Insofar as Rosette's current claims are all linked to the question of title, the Quiet Title Act provides the exclusive remedy. Allowing Rosette to maintain a declaratory judgment action under these circumstances would undermine the policies set forth in Block and would render the Quiet Title Act's statute of limitations meaningless. Cf. Nevada v. United States, 731 F.2d 633 (9th Cir. 1984) (holding Property Clause claim time-barred under the Quiet Title Act's statute of limitations because claim requires resolution of quiet title issues); 118 East 60th Owners, Inc. v. Bonner Properties, Inc., 677 F.2d 200 (2d Cir. 1982) (disallowing declaratory judgment action seeking declaration of nonliability where use of federal declaratory judgment procedure would undermine state substantive statute of limitations policies). Having found that the Quiet Title Act

8

provides Rosette's exclusive remedy, we turn now to a discussion of the Act's statute of limitations.

**B. The Quiet Title Act's Statute of Limitations bars Rosette's lawsuit.**

Actions brought pursuant to the Quiet Title Act are subject to a twelve-year statute of limitations. 28 U.S.C. § 2409a(g). That is, an action must be brought within twelve years of when the plaintiff "knew or should have known of the claim of the United States." Id. The Quiet Title Act's statute of limitations is strictly construed in favor of the United States. Vincent Murphy Chevrolet Co. v. United States, 766 F.2d 449, 452 (10th Cir. 1985); Knapp v. United States, 636 F.2d 279, 282 (10th Cir. 1980).

Defendants argue that Rosette's action accrued in 1978, and, therefore, the statute of limitations bars its claims. We agree that Rosette's cause of action accrued in 1978. Mr. Burgett[2] himself bid on the geothermal lease in September 1978 when the Department of Interior offered to lease the geothermal resources at issue. In October 1978, after Amax Exploration was selected as the winning bidder, Mr. Burgett met with BLM officials to discuss calculation of royalty payments for his operations under Amax Exploration's lease. In addition, in December 1978, Rosette entered into an agreement with Amax Exploration

---

[2]Dale Burgett or a member of his immediate family controls each of the appellant corporations.

whereby Rosette agreed to be bound by the terms of the lease and to make royalty payments. Finally, in February 1979, Rosette was formally designated as an operator under the lease. Thus, in 1978, Rosette knew or should have known that the United States claimed an interest in the geothermal resources. Rosette did not file suit until 1993, fifteen years later.

Rosette advances two reasons why its lawsuit should not be time-barred. First, Rosette claims that its cause of action accrued in 1993 when the BLM issued the shutdown order. Second, Rosette claims that the Quiet Title Act's statute of limitations was tolled by certain provisions of the Geothermal Steam Act of 1970, 30 U.S.C. §§ 1001-1028. We shall address each contention in turn.

**1. Did Rosette's claim accrue in 1993?**

Rosette argues that it was the Secretary's shutdown order, issued in 1993, that gave rise to its lawsuit. Regardless of what prompted Rosette to file suit, it now seeks to quiet title to the geothermal resources. Rosette did not file suit pursuant to the Administrative Procedures Act. Under the circumstances and the claims contained in its complaint, the Quiet Title Act provides Rosette's exclusive remedy. The Quiet Title Act is clear that a claim accrues when the plaintiff knew or should have known of the United States' interest. Rosette knew of the United States' interest in 1978, and it does not dispute this. The fact that it decided not to contest that interest until a disagreement arose cannot defeat the workings of

10

the statute of limitations.

**2. Was the statute of limitations tolled by the Geothermal Steam Act?**

In the alternative, Rosette argues that even if its claim accrued in 1978, the Quiet Title Act's statute of limitations was tolled because the United States failed to comply with the requirements of the Geothermal Steam Act, 30 U.S.C. §§ 1001-1028. According to Rosette, the Geothermal Steam Act requires the United States to quiet title to geothermal resources when development is imminent. Rosette argues that because the United States failed to do so, it cannot now claim the benefit of the Quiet Title Act's statute of limitations.

The Geothermal Steam Act provides in relevant part as follows:

> Geothermal resources in lands the surface of which has passed from Federal ownership but in which the minerals have been reserved to the United States shall not be developed or produced *except under geothermal leases made pursuant to this chapter*. If the Secretary of the Interior finds that such development is imminent, or that production from a well heretofore drilled on such lands is imminent, he shall so report to the Attorney General, and the Attorney General is authorized and directed to institute an appropriate proceeding in the United States district court of the district in which such lands are located, to quiet the title of the United States in such resources, and if the court determines that the reservation of minerals to the United States in the lands involved included the geothermal resources, to enjoin their production otherwise than under the terms of this chapter: *Provided*, That upon an authoritative judicial determination that Federal mineral reservation does not include geothermal steam and associated geothermal resources the duties of the Secretary of the Interior to report and of the Attorney General to institute proceedings, as hereinbefore set forth, shall cease.

30 U.S.C. § 1020(b) (first emphasis added). Rosette's tolling argument is

11

unconvincing. If Rosette wanted to challenge the United States' authority to enter into the lease, it needed to file suit within the statute of limitations. We conclude that the Geothermal Steam Act did not toll the Quiet Title Act's statute of limitations.

## III. CONCLUSION

In sum, we conclude that Rosette's claim accrued in 1978, and its suit was not filed within the Quiet Title Act's twelve-year statute of limitations. Thus, the district court lacked subject matter jurisdiction. Accordingly, we AFFIRM the judgment of the district court.