**GLENN ELECTRIC CO. INC.,**
**Appellant,**

v.

**Raymond DONOVAN, Secretary United States Department of Labor; and Comptroller General of the United States.**

**No. 84–3363.**

United States Court of Appeals,
Third Circuit.

Argued Dec. 11, 1984.
Decided Feb. 21, 1985.

---

Francis X. Lilly, Sol. of Labor, Joseph M. Woodward, Acting Associate Sol.; Linda Jan S. Pack, Counsel for Appellate Litigation, Lauriston H. Long (Argued), U.S. Dept. of Labor, Washington, D.C., Constance M. Bowden, Asst. U.S. Atty., Pittsburgh, Pa., for appellees.

Walter R. Little (Argued), Pittsburgh, Pa., for appellant.

Before GARTH, HIGGINBOTHAM, Circuit Judges, and McGLYNN, District Judge*.

## OPINION OF THE COURT

PER CURIAM.

The sole question presented by this appeal is whether an action instituted by the United States pursuant to the United States Housing Act of 1937, as amended, 42 U.S.C. §§ 1437–1437j (1982), is barred by the two-year statute of limitations of the Portal-to-Portal Act of 1947, 29 U.S.C. §§ 255, 256 (1982). We conclude that the Portal-to-Portal Act does not apply and, for the reasons that follow, we will affirm the decision of the court below.

---

* Honorable Joseph L. McGlynn, Jr., United States District Court for the Eastern District of Pennsylvania, sitting by designation.

## I.

This is an appeal from a final order of the United States District Court for the Western District of Pennsylvania granting defendant/appellee's motion for summary judgment in this action to review a decision of the Wage Appeals Board of the United States Department of Labor, pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701, 702 (1982), in which the plaintiff/appellant sought a declaratory judgment under 28 U.S.C. § 2202 (1982). There are no disputed issues of fact presented, thus our review is confined to whether the district court erred as a matter of law in finding the decision of the Wage Appeals Board supported by the record and in holding the limitations provisions of the Portal-to-Portal Act inapplicable to this action. Fed.R.Civ.P. 56; *See In Re Japanese Electronic Products Antitrust Litigation,* 723 F.2d 238, 257 (3d Cir.1983).

Plaintiff/appellant, Glenn Electric Company, Inc. ("Glenn Electric"), is a residential, commercial and industrial electrical contractor. This proceeding arose out of several federally assisted construction contracts by which Glenn Electric agreed to perform electrical work at various public housing projects in Western Pennsylvania from 1973 to 1975. The construction activity, which consisted of the removal and replacement of old electrical lines and systems, was subject to the labor standards provisions of the United States Housing Act of 1937, as amended, 42 U.S.C. §§ 1437–1437j ("U.S. Housing Act") and the Contract Work Hours and Safety Standards Act, 40 U.S.C. §§ 327–333 (1982) ("CWHSSA").[1]

The United States Department of Housing and Urban Development ("HUD"), the contracting agency, filed a complaint on November 28, 1975, with the United States Department of Labor ("Department of Labor") alleging certain contractual violations, as a result of which, an investigation was undertaken into the payroll records of Glenn Electric. The Wage and Hour Division of the Department of Labor initially calculated underpayments by Glenn Electric to 17 of its employees in the amount of $72,272.98.[2]

Glenn Electric objected to the Wage and Hour Division's findings pursuant to 29 C.F.R. § 5.11(b) (1976) and on November 23, 1977, more than two years after the initial complaint was filed with the Department of Labor, the parties were notified that a hearing would be conducted by an Administrative Law Judge ("ALJ") on March 7, 1978. On April 6, 1979, the ALJ issued a decision reducing the amount of underpayments due to 15, as opposed to 17, employees to $62,246.34, including $4,513.15 of unpaid overtime due to 12 of the 15 employees under CWHSSA.[3] In so doing, the ALJ rejected Glenn Electric's

---

**1.** The contracts with the housing authorities of Pittsburgh, Pennsylvania and McKeesport, Pennsylvania incorporated the prevailing wage requirements of the U.S. Housing Act of 1937, under which minimum wages are to be paid to various classes of laborers and mechanics. The contracts also incorporated the requirements of the Contract Work Hours and Safety Standards Act, under which one and one-half times the regular rate is to be paid laborers and mechanics of contractors and subcontractors for all hours worked over eight hours per day and/or 40 hours per week. The contracts also incorporated provisions requiring the contractor to maintain certified payrolls and basic records which are to be submitted to the contracting agency on a weekly basis. Appendix ("App.") at 29.

**2.** A Department of Labor review of the certified payrolls and an investigation indicated that Glenn Electric failed to pay certain employees the applicable basic hourly rate, failed to pay the full fringe benefits to some employees and employed unregistered apprentices. It also appeared that Glenn Electric did not pay some apprentices the correct apprenticeship rate, exceeded the correct ratio of apprentices to journeymen, did not include some of its employees on the certified payrolls, failed to pay certain employees for truck driving duties and failed to compensate some employees at one and one-half times the regular rate. It was also alleged that Glenn Electric failed to preserve the record of hours worked and that the payroll was inaccurate. App. at 30.

**3.** The ALJ reduced some of the back wages due and credited the plaintiff with additional fringe benefit payments.

contention that the two-year statute of limitations provision contained in the Portal-to-Portal Act barred the proceeding. On September 12, 1979, after consideration of Glenn Electric's appeal, the Administrator of the Wage and Hour Division upheld the ALJ's decision and adopted it in its entirety.

Glenn Electric then appealed to the Wage Appeals Board ("the Board") on November 20, 1979, and on March 22, 1983, the Board sustained the decision of the Administrator of the Wage and Hour Division. During the course of the administrative proceedings, HUD, at the request of the Department of Labor, withheld approximately $28,845 from the proceeds of the contracts to cover, in part, back wages due to Glenn Electric employees.

On April 21, 1983, Glenn Electric instituted this action against the defendant/appellee, the Secretary of the Department of Labor ("the Secretary"), seeking judicial review of the decision of the Board and recovery of the withheld contract proceeds. On May 10, 1984, District Judge Donald E. Ziegler granted the Secretary's motion for summary judgment, thereby affirming the decision of the Wage Appeals Board of the Department of Labor from which Glenn Electric appeals.

Unpersuaded by Glenn Electric's assertions to the contrary, Judge Ziegler found, *inter alia*, that the two-year statute of limitations in the Portal-to-Portal Act does not apply to the instant administrative action. In a well-reasoned opinion, Judge Ziegler held that Congress intended the Portal-to-Portal Act limitations period to apply only to the three labor laws expressly enumerated in the Act; namely, the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201–219 (1982) the Walsh-Healey Public Contracts Act, 29 U.S.C. §§ 551–564 (1982) and the Davis-Bacon Act, 40 U.S.C.

§§ 276a–276a–5 (1982). As to the U.S. Housing Act and CWHSSA, neither of which provide a limitations period for the bringing of an administrative action, the district court held that the proper limitation period was the general six-year period prescribed in 28 U.S.C. § 2415 (1982). The court did not consider the Secretary's second argument that the statute of limitations in the Portal-to-Portal Act applies only to actions brought in court and not before administrative agencies.

On this appeal, Glenn Electric urges only that the U.S. Housing Act violations are governed by the statute of limitations provision found in the Portal-to-Portal Act[4]. From an administrative law standpoint, this is an important issue not previously addressed by this court.

## II.

Section 6(a) of the Portal-to-Portal Act provides in pertinent part as follows:

§ 6.  *Statute of Limitations*

Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the *Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act—*

(a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years....

29 U.S.C. § 255(a) (emphasis added).

Although the U.S. Housing Act is not among those statutes specifically mentioned, Glenn Electric nonetheless asserts the applicability of section 6(a), arguing that the U.S. Housing Act, by explicit ref-

---

**4.** Glenn Electric no longer argues that the Portal-to-Portal Act limitation provisions apply to CWHSSA. Nor does it challenge the district court rulings that (1) it received adequate notice of the claims prior to the initial hearing before the ALJ and was thus accorded due process in the administrative proceeding; and that (2) the

evidence presented showed that its employees had not been properly classified and paid. We also take note that Glenn Electric did not respond to the Secretary's alternative argument for affirmance in its brief before this court although it did express a position at oral argument.

erence in 42 U.S.C. §§ 1437j, incorporates the Davis-Bacon Act *in toto*, and by reason of such incorporation, the Secretary's action was in fact instituted pursuant to the Davis-Bacon Act. Since Davis-Bacon Act actions are controlled by the statute of limitations provisions in the Portal-to-Portal Act, under Glenn Electric's theory, these claims were brought beyond two years from the date the violations accrued. Thus, according to Glenn Electric, the Board's decision is without force and effect, and constitutes grounds for reversible error.

The Secretary takes the position that 42 U.S.C. §§ 1437j does not incorporate the Davis-Bacon Act but merely carries over its technique of setting the wage rates. The Secretary refers to the U.S. Housing Act as a "Davis-Bacon *Related* Act" and asserts that, as a matter of statutory construction, the limitations provisions do not extend beyond the Davis-Bacon Act proper. We agree.

█ As Judge Ziegler appropriately recognized, where Congress in plain language has expressed its intention, and the legislative history does not demonstrate a contrary purpose, we are bound to follow the statutory provisions as written. *Schramm v. Department of Health and Human Services*, 682 F.2d 85, 91 (3d Cir.1982). Although we endorse and adopt Judge Ziegler's determination that the plain language of the Portal-to-Portal Act limitations period indicates that Congress intended it to apply only to the three labor laws expressly stated in the Act, we feel compelled to consider briefly whether the Davis-Bacon Act is incorporated by reference into the U.S. Housing Act by virtue of 42 U.S.C. §§ 1437j. If we were to accept Glenn Electric's premise, the present action would be deemed instituted under the Davis-Bacon Act, falling within the specific language of the Portal-to-Portal Act, and barred by the two-year limitations period.

█ The precursor of 42 U.S.C. §§ 1437j, 42 U.S.C. § 1416(2) (1970), in effect at the time Glenn Electric entered into the contracts in question, mandated that the governing contract contain a provision that

not less than the wages prevailing in the locality, *as predetermined* by the Secretary of Labor *pursuant to the Davis-Bacon Act*, shall be paid to all laborers and mechanics employed in the development of the project.

42 U.S.C. § 1416(2) (emphasis added). The amendment and recodification of 42 U.S.C. § 1416(2) at 42 U.S.C. §§ 1437j (1974) did not work a material change insofar as the above-quoted language is concerned, and it is that language upon which Glenn Electric relies in support of its total incorporation argument. This reliance, however, is misplaced.

As we construe the plain wording of this section, the U.S. Housing Act incorporates by reference only the prevailing wage requirements as determined by the Secretary of Labor, in accordance with the Davis-Bacon Act, to be prevailing for the corresponding classes of laborers and mechanics employed on a project similar to the contract work being performed in the locality. Judge Reagan, similarly confronted with the issue of the extent to which 42 U.S.C. § 1437j incorporates the Davis-Bacon Act, held that

the Davis-Bacon Act is made applicable only to the extent that it requires a similar predetermination of the prevailing wage rate to be made by the Secretary of Labor. No other provision of that Act (and in particular the two or three year limitation periods as prescribed in 29 U.S.C. § 255 for [judicial] *actions* under *that* Act) is incorporated by reference or otherwise into Section 1437j.

*Guarantee Electrical Company v. Pierce, et al.*, No. 84–2094C(B), Slip. Op. at 4–5 (E.D.Mo. Dec. 10, 1984) (emphasis in original).

Paraphrasing the Fourth Circuit's response to an analogous argument advanced in the context of the Service Act, we believe that Glenn Electric's contention that the language in 42 U.S.C. § 1437j expands the incorporation by reference to include the Davis-Bacon Act, *in toto*, "places too

much of a strain upon the statutory structure." *United States v. Deluxe Cleaners and Laundry, Inc.*, 511 F.2d 926, 928 (4th Cir.1975). We thus agree with the Secretary's assertion that 42 U.S.C. § 1437j does not incorporate the Davis-Bacon Act but merely carries over its technique of determining the appropriate wage rates.

In rejecting Glenn Electric's averment that the U.S. Housing Act's labor provisions are actually the Davis-Bacon Act, we are also persuaded by the Secretary's characterization of the U.S. Housing Act as a "related" but distinct substantive statute. Congress has defined the term "Bacon-Davis Act", more commonly referred to as the Davis-Bacon Act, as "the Act entitled 'an Act to amend the Act approved March 3, 1931, relating to the rate of wages for laborers and mechanics employed by contractors and subcontractors on public buildings,' approved August 30, 1935 (49 Stat. 1011), as amended. [40 U.S.C. §§ 276a–276a–5]." 29 U.S.C. § 262. The Davis-Bacon Act makes it mandatory for "every contract in excess of $2,000, to which the United States or the District of Columbia is a party, for construction, alteration, and/or repair ... of public buildings or public works" to contain provisions for the payment of stated minimum wages to mechanics and laborers. 40 U.S.C. § 276a.

29 C.F.R. Part 5, Subpart A is entitled "Davis-Bacon and Related Acts Provisions and Procedures" and lists the 60-odd federal statutes which are euphemistically termed the "Related Acts" in 29 C.F.R. § 5.1(a) (1983). As the Secretary notes, the enumerated provisions, of which one is the U.S. Housing Act, are deemed "related" in that they concern the enforcement and administration of Davis-Bacon's prevailing wage provisions; they require payment of minimum wages at rates not less than those prevailing on similar construction in the locality as determined by the Secretary of Labor pursuant to the Davis-Bacon Act. This comports with our construction of 42 U.S.C. § 1437j.

Absent legislative history to the contrary, we must presume that the legislative purpose is expressed by the ordinary meaning of the words used, and that language must be regarded as conclusive. *American Tobacco Co. v. Patterson*, 456 U.S. 63, 68, 102 S.Ct. 1534, 1537, 71 L.Ed.2d 748 (1982). By specifying the three labor laws to be governed by the period of limitations, presumably Congress intended that no other labor laws would be affected. We find nothing in the legislative history to suggest that Congress intended or considered an extension of the Portal-to-Portal Act to the Davis-Bacon Related Acts. *See, e.g.,* H.R.Rep. No. 71, 80th Cong., 1st Sess. (1947), *reprinted in* 1947 U.S.Code Cong. Service 1029, 1035–1036.[5] Since the United States is not bound by any statute of limitation unless Congress explicitly directs otherwise, *see Guaranty Trust Co. v. United States*, 304 U.S. 126, 58 S.Ct. 785, 82 L.Ed. 1224 (1938), we find that the district court correctly held that the general period of limitation in 28 U.S.C. § 2415(a) applies.[6]

### III.

Thus, for the foregoing reasons and for the reasons noted in Judge Ziegler's opinion, we hold that the Portal-to-Portal Act two-year statute of limitations

---

5. The U.S. Housing Act of 1937, in particular, was in effect at the time the Portal-to-Portal Act was enacted in 1947. Despite the fact that the Portal-to-Portal Act was amended twice, once in 1966 and again in 1974, and despite the fact that the U.S. Housing Act has been amended as recently as 1974, Congress has not seen fit to expressly extend the Portal-to-Portal Act statute of limitations provisions to the U.S. Housing Act. *See, e.g.,* Joint Conference Report No. 1279, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad.News 4449, 4460–4468.

6. 28 U.S.C. § 2415(a) specifies that the United States shall institute an action based on contract within 6 years after the cause of action accrues or within 1 year of termination of the administrative action, whichever occurs later. We do not reach the question of whether the *administrative* proceeding must be commenced within 6 years or whether the government must commence a formal *judicial* proceeding within 6 years of the accrual of the violations since under either interpretation of 28 U.S.C. § 2415(a), this action is not time-barred.

does not apply to the instant administrative action. Accordingly, we will affirm the grant of summary judgment.[7]

---

**7.** As stated previously, because Judge Ziegler held, as a matter of statutory interpretation and construction, that the Portal-to-Portal Act did not apply to the U.S. Housing Act, he did not reach the Secretary's alternative argument that the statute of limitations applies only to actions brought in court and not before administrative agencies.

Although we view this case as Judge Ziegler did and ground our holding on statutory construction, as an alternative basis for affirmance, we rely on *Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 73 S.Ct. 580, 97 L.Ed. 821 (1953), wherein the United States Supreme Court ruled that the Portal-to-Portal Act statute of limitations is tolled only when a *court* action is filed, not by the commencement of an admin-

istrative proceeding. That case involved an administrative proceeding by the Department of Labor to collect child labor liquidated damages under the Walsh-Healey Act, one of the three statutes expressly covered by the Portal-to-Portal Act statute of limitations.

Inasmuch as the Secretary's enforcement action has been entirely administrative, *i.e.,* neither complaint nor counterclaim filed, the limitations provisions of the Portal-to-Portal Act do not apply even if the Act is construed as governing the Davis-Bacon Related Acts. *See Ready-Mix Concrete Co. v. United States,* 130 F.Supp. 390, 393, 131 Ct.Cl. 204 (1955) (withholding actions by the government are not subject to the Portal-to-Portal Act).