29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Judy A. REIMAN; John K. Reiman, Plaintiffs-Appellants,
v.
H.F. GARCIA; Todd S. Stolp, et al., Defendants-Appellees.
 No. 92-17118.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 16, 1994.*
Decided July 12, 1994.
 
 Before: GOODWIN, PREGERSON, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Dr. John Karl Reiman[1] appeals from the Eastern District Court's order dismissing Reiman's second action brought in the Ninth Circuit against Dr. Todd Stolp, other officials associated with Tuolumne County General Hospital, and various United States government officials. Reiman contends that Appellees conspired to deny him due process and equal protection in violation of federal law and the United States Constitution, violated antitrust laws, obstructed justice, violated the RICO statute, and violated the Employment Discrimination Act. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 BACKGROUND
 
 3
 On August 13, 1990, Appellant, Dr. John Karl Reiman, filed his first action in the United States District Court for the Central District of California against Dr. Todd S. Stolp, other officials associated with Tuolumne County General Hospital, United States Federal Judge H.F. Garcia, and various United States government officials, the majority of which were military officers. Reiman's first complaint alleged a global conspiracy involving the United States government, the United States military, and private individuals, in retaliation for Reiman's whistleblowing activities while Reiman served as a military doctor in the United States Air Force in Europe.[2] Specifically, Reiman's first complaint alleged that the defendants: (1) conspired to deny him due process and equal protection of the law in violation of federal law and the United States Constitution; (2) violated antitrust laws; and (3) violated the RICO statute, 18 U.S.C. Sec. 1961. On January 22, 1991, the District Court dismissed Reiman's first action because Reiman lacked standing and because the Court lacked subject matter jurisdiction. Reiman appealed.
 
 
 4
 On August 10, 1992, we affirmed the District Court's dismissal as to Judge Garcia on grounds of judicial immunity,[3] and as to all United States government and military defendants under the Feres doctrine.[4] Further, we affirmed the District Court's dismissal of Reiman's claims against Stolp and the other civilian defendants. As the District Court correctly determined, Reiman failed to establish a federal claim against Stolp and the other civilian defendants under either the RICO statute 18 U.S.C. Sec. 1961, or antitrust law.[5]
 
 
 5
 While Reiman's appeal in his first action in the Central District was pending, Reiman filed a second action in the Northern District of California. This second complaint was substantially identical to Reiman's first complaint, and named virtually the identical parties, including Stolp.[6] The Northern District transferred the matter to the Eastern District. In his order transferring the case, Judge Legge noted the striking similarity between Reiman's first and second actions, and ordered that further proceedings be consistent with and conform to the pending decision in Reiman's first appeal to this Court.
 
 
 6
 On November 16, 1992, the Eastern District Court dismissed Reiman's second action on several grounds: (1) pursuant to Stolp's motion to dismiss under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction; (2) pursuant to Stolp's Fed.R.Civ.P. 12(b)(6) motion to dismiss Reiman's action for failure to state a claim upon which relief could be granted; (3) the District Court dismissed, sua sponte, the action as to all remaining defendants who had not answered Reiman's complaint because the complaint was found to be inadequate as a matter of law; (4) the District Court noted that Reiman's second complaint was substantially similar to Reiman's first complaint, the dismissal of which had been affirmed by this Court; (5) a substantially identical action which Reiman had filed in the Western District of Texas had been dismissed;[7] (6) as to President George Bush, the action was dismissed on grounds of absolute presidential immunity from civil suits. In addition, the District Court dismissed the suit as to Reiman's wife, Judy Andrea Reiman and Reiman's stepson, Kevin Beckley, because their claims were derivative of Reiman's claims and therefore lacked an independent basis for relief.
 
 ANALYSIS
 1. Lack of Subject Matter Jurisdiction
 
 7
 Reiman contends that the District Court erroneously dismissed his complaint because subject matter jurisdiction exists via his federal claims against Stolp and the other named defendants. Specifically, Reiman first asserts that the actions of Appellees violated the RICO statute, 18 U.S.C. Sec. 1961.
 
 
 8
 The existence of subject matter jurisdiction is a question of law which we review de novo. Reebok Int'l Ltd. v. Marnatech Enterprises, Inc., 970 F.2d 552, 554 (9th Cir.1992). The district court's factual findings on jurisdictional issues must be accepted unless clearly erroneous. Id. at 554.
 
 
 9
 Our review of the record convinces us that the District Court did not err in dismissing Reiman's current action for lack of subject matter jurisdiction. As we stated in our dismissal of Reiman's first appeal, Reiman's alleged personal injuries are not compensable under RICO. Oscar v. University Students Co-Op. Ass'n, 965 F.2d 783, 785-6 (9th Cir.1992), cert. denied, --- U.S. ----, 113 S.Ct. 655 (1992). To recover under RICO, a plaintiff must show proof of concrete financial loss, and not merely injury to a valuable intangible property interest. Id. at 785. Reiman has not alleged any financial loss as a direct or indirect result of racketeering activity by Appellees. Reiman merely claims he has suffered damages in the billions of dollars. "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff." Id. at 786. Therefore, Reiman's RICO claim fails.
 
 
 10
 Reiman also contends that subject matter jurisdiction exists because the Appellees violated federal antitrust laws. We disagree. To support a claim under section 1 of the Sherman Antitrust Act, the plaintiff must allege a contract, combination, or conspiracy among the several states or with foreign nations. 15 U.S.C. Sec. 1; Western Concrete Structures Co. v. Mitsui & Co., 760 F.2d 1013, 1016 (9th Cir.), cert. denied, 474 U.S. 903 (1985). To support a claim under section 2 of the Sherman Antitrust Act, a plaintiff must allege an objective to monopolize or attempt to monopolize any part of the trade or commerce among the several states or with foreign nations. Id. at 1017-18.
 
 
 11
 Here, Reiman has not alleged a conspiracy that would support a claim under section 1 of the Sherman Antitrust Act. In addition, Reiman has not alleged facts amounting to anti-competitive conduct by the Appellees. Specifically, Reiman has failed to allege intentional predatory or anticompetitive conduct by the Appellees. Id. at 1017-18. Therefore, the District Court's dismissal of Reiman's antitrust claim was proper.
 
 2. Failure to State a Claim
 
 12
 Reiman contends that the District Court erred in granting Stolp's Fed.R.Civ.P. 12(b)(6) motion because valid claims existed upon which relief could be granted.
 
 
 13
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Oscar v. University Students Co-Op. Ass'n, 965 F.2d 783 (9th Cir.) (en banc), cert. denied, --- U.S. ----, 113 S.Ct. 655 (1992). Review is limited to the contents of the complaint. Buckey v. Los Angeles, 968 F.2d 791, 794 (9th Cir.) cert. denied, --- U.S. ----, 113 S.Ct. 599 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Love v. United States, 915 F.2d 1242, 1245 (9th Cir.1989). A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Id. at 1245.
 
 
 14
 We note that the allegations in a pro se complaint will be construed liberally. King v. California, 784 F.2d 910, 912 (9th Cir.1986), cert. denied, 484 U.S. 802 (1987). Pro se plaintiffs are not entitled to the benefit of every conceivable doubt. Rather, a court is required to draw every reasonable or warranted factual inference in the plaintiff's favor. McKinney v. De Board, 507 F.2d 501, 504 (9th Cir.1974). And, even under the more liberal standard applied to pro se plaintiffs, a court must use common sense in interpreting their frequently diffuse pleadings. Id. at 504. Here, Reiman's pleadings include allegations of a conspiracy to publicize that Reiman suffered a delusional disorder, allegations of incarceration, nonconsensual spinal taps, mental abuse, and the attempt to destroy his efforts to bring about world peace. Reiman's present action is replete with the same irrelevant legal sources and specious legal arguments that existed in his first action.[8] Further, as the District Court noted, Reiman's second complaint was "convoluted and prolix and difficult to understand." Therefore, we affirm the District Court's dismissal of Reiman's action on Stolp's Rule 12(b)(6) motion.
 
 3. Sua Sponte Dismissal
 
 15
 Reiman contends that the District Court erred in dismissing, sua sponte, his claims against all remaining defendants who failed to answer his complaint. We reject this contention. The District Court properly dismissed Reiman's complaint as to all remaining defendants because the complaint was inadequate as a matter of law. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where the claims against such defendants are integrally related." Silverton v. Department of Treasury Etc., 644 F.2d 1341 (9th Cir.) cert. denied, 454 U.S. 895 (1981). Reiman's claims are integrally related because Reiman alleges that the Appellees were involved in a conspiracy. Thus, the District Court's sua sponte dismissal was proper.
 
 4. Substantially Identical Actions
 
 16
 Reiman also contends that the District Court erred in dismissing as res judicata his action because the District Court found the claims to be substantially identical to those in his first action. Additionally, Reiman contends that res judicata cannot apply because his first suit did not result in a trial on the merits. We disagree.
 
 
 17
 A district court's dismissal on res judicata grounds is subject to de novo review. Palomar Mobilehome Park Assn. v. City of San Marcos, 989 F.2d 362, 363 (9th Cir.1993).
 
 
 18
 The doctrine of res judicata or claim preclusion "insures the finality of decisions, conserves judicial resources and protects litigants from multiple lawsuits." McClain v. Apodaca, 793 F.2d 1031, 1032-33 (9th Cir.1986). Res judicata "operates to bar all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a final judgment on the merits rendered by a court of competent jurisdiction." Ross v. International Bhd. of Elec. Workers, 634 F.2d 453, 457 (9th Cir.1980).
 
 
 19
 In both his first and second actions, Reiman sought redress for alleged wrongs he suffered in retaliation for his whistleblowing activities while in the United States military. In effect, what Reiman seeks is a renewal of his first action with essentially the same theories in search of basically the same remedies. See, e.g. Moore's Federal Practice Sec. 405-. (2nd ed. 1993). Thus, it is consistent with the principles of res judicata that Reiman's second action is barred.
 
 
 20
 Moreover, it is well established that a dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is a judgment on the merits. Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981); Cook v. Peter Kiewit Sons Co., 755 F.2d 1030, 1035 (9th Cir.1985) cert. denied, 476 U.S. 1183 (1986). Therefore, Reiman is not entitled to a trial before res judicata can attach.
 
 5. The Texas Dismissal
 
 21
 Reiman contends that the District Court erred in finding that the dismissal of a substantially identical action filed by Reiman in the Western District of Texas was res judicata on Reiman's current action in the Ninth Circuit. Reiman asserts that res judicata does not attach because his current action was filed before his lawsuit in the Western District of Texas was dismissed. We disagree.
 
 
 22
 As we noted above, the doctrine of res judicata prevents parties who have contested an issue from relitigating the results of that contest. The Western District Court in Texas dismissed Reiman's complaint with prejudice, stating that the doctrine of res judicata would bar Reiman from further litigation of substantially identical actions. Despite the different filing dates of Reiman's Texas lawsuit and the present case, a finding of res judicata by the Western District of Texas bars a second suit on the same cause of action. We uphold the Eastern District Court's finding that Reiman's Texas action was virtually identical to Reiman's second action in the Eastern District of California. The Texas Court had competent jurisdiction and rendered a final judgment on the merits. Therefore, we affirm the District Court's decision that the dismissal of Reiman's complaint by the Western District Court in Texas serves as res judicata, and bars Reiman's current action.
 
 6. President George Bush
 
 23
 Reiman next contends that the Eastern District Court erred in dismissing his claim against President George Bush on grounds of absolute presidential immunity. Reiman apparently asserts that United States presidents should not be immune from civil suits. We find Reiman's argument to be meritless. As the United States Supreme Court has made clear, a former president of the United States is entitled to absolute immunity from damages liability predicated on his official acts. Nixon v. Fitzgerald, 457 U.S. 731, 749 (1982). Therefore, the District Court properly dismissed Reiman's claim against President George Bush.
 
 7. Derivative Claims
 
 24
 Finally, Reiman contends that the District Court erred in dismissing the claims of his wife, Judy Andrea Reiman, and his stepson, Kevin Beckley, because the District Court found their claims to be derivative of Reiman's claims. We disagree. All of Judy Reiman's and Kevin Beckley's claims against the Appellees emanate from Dr. Reiman's claims.[9] For example, Judy Reiman and Kevin Beckley contend the Appellees violated the RICO statute, violated antitrust laws, and conspired to deny them their due process and equal protection rights. As we noted above, to the extent that any new claims or parties are involved in Appellant's second complaint, these could have been raised or added in the first complaint because identical allegations form the basis of Reiman's two complaints.
 
 CONCLUSION
 
 25
 We affirm the dismissal of the Reimans' action on all grounds delineated by the District Court. As the District Court noted, this is Reiman's seventh or eighth attempt to obtain relief in the federal courts for the same alleged wrongs. So far, he has managed to avoid both the imposition of sanctions and the label of a vexatious litigant. He is likely to receive one or both penalties if he continues to litigate this action. AFFIRMED.
 
 
 
 *
 The panel unanimously found this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The Appellants include Dr. Reiman's wife, Judy Andrea Reiman, and Dr. Reiman's stepson, Kevin Beckley
 
 
 [2]
 Reiman's allegations included, but were not limited to, charges of narcotics trafficking aboard United States military aircraft and at United States bases in Europe, malpractice at a United States military hospital in Europe, and a conspiracy to prevent Reiman's efforts to attain world peace
 
 
 [3]
 "Judges are immune from damage actions for judicial acts taken within the jurisdiction of their courts." Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1988)
 
 
 [4]
 In Feres v. United States, 340 U.S. 135 (1950), the Supreme Court held that members of the armed services could not sue the government for injuries that "arise out of or are in the course of activity incident to service." Further, "enlisted military personnel may not maintain a suit to recover damages from a superior officer for alleged constitutional violations." Chappell v. Wallace, 462 U.S. 296, 305 (1983)
 
 
 [5]
 Reiman's primary claim against Stolp and the other civilian defendants appeared to be a state law claim of defamation. We found that because the District Court properly dismissed Reiman's federal claims before trial, this pendant state law claim was also properly dismissed. See Cook, Perkiss & Liehe v. Northern Cal. Collection Serv., 911 F.2d 242, 247 (9th Cir.1990)
 
 
 [6]
 Reiman's second complaint did, however, add one additional defendant--President George Bush
 
 
 [7]
 The Western District of Texas, Judge Edward C. Prado, ruled that its dismissal of Reiman's action with prejudice would have a res judicata effect on similar cases filed by Reiman throughout the United States
 
 
 [8]
 For example, Reiman apparently contends that both the Preamble and Ninth Amendment to the United States Constitution provide a basis for subject matter jurisdiction
 
 
 [9]
 Judy Reiman and Kevin Beckley were parties to John Reiman's first action in the Central District of California. But, Judy Reiman and Kevin Beckley were not parties to Reiman's appeal to this Court. However, failure to appeal does not change the fact that their claims were derivative of John Reiman's